**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____    Chapter ___11___

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | FMSI–Financial Resources, LLC |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-4413954 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

119 S. Ellsworth Avenue
Naperville, IL 60540
Number, Street, City, State & ZIP Code

DuPage
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

6.    **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | FMSI-Financial Resources, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5239

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District | When | Case number | |
|---|---|---|---|---|
| | District | When | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| | Debtor | See Attachment | Relationship | |
|---|---|---|---|---|
| | District | When | Case number, if known | |

Debtor    FMSI-Financial Resources, LLC                                      Case number (if known)
_____
          Name

11. **Why is the case filed in this district?**    Check all that apply:

   ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

   ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

   ☑ No

   ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (Check all that apply.)

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

   ☐ Other _____

   **Where is the property?** _____
                              Number, Street, City, State & ZIP Code

   **Is the property insured?**

   ☐ No

   ☐ Yes. Insurance agency _____

           Contact name    _____

           Phone           _____

---

**Statistical and administrative information**

13. **Debtor's estimation of available funds**    Check one:

   ☐ Funds will be available for distribution to unsecured creditors.

   ☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**

   | | | |
   |---|---|---|
   | ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
   | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
   | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
   | ☐ 200-999 | | |

15. **Estimated Assets**

   | | | |
   |---|---|---|
   | ☑ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
   | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
   | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
   | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

16. **Estimated liabilities**

   | | | |
   |---|---|---|
   | ☑ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
   | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
   | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
   | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   FMSI-Financial Resources, LLC                              Case number (if known) _____
         _____
         Name

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   November 29, 2016
              MM / DD / YYYY

X /s/ Timothy Turek, not individually,          Timothy Turek, not individually,
  but as Receiver of Debtor                     but as Receiver of Debtor
  Signature of authorized representative of debtor   Printed name

  Title   Receiver of Debtor

**18. Signature of attorney**

X /s/ Bryan E. Minier                           Date November 29, 2016
  Signature of attorney for debtor                   MM / DD / YYYY

  Bryan E. Minier
  Printed name

  Lathrop & Gage LLP
  Firm name

  155 North Wacker Drive
  Suite 3000
  Chicago, IL 60606-1787
  Number, Street, City, State & ZIP Code

  Contact phone  (312) 920-3300    Email address   bminier@lathropgage.com

  #6275534 Illinois
  Bar number and State

---

Debtor   FMSI-Financial Resources, LLC                                    Case number (if known) _____
         Name

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____   Chapter   __11__

☐ Check if this an
  amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | FMSI Consumer Credit Corporation | Relationship to you | Affiliate |
|---|---|---|---|
| District | Northern District of Illinois | When 11/29/16 | Case number, if known |
| Debtor | FMSI of Delaware, Inc. | Relationship to you | Affiliate |
| District | Northern District of Illinois | When 11/29/16 | Case number, if known |
| Debtor | Renewable Asset Management Company, LLC | Relationship to you | Affiliate |
| District | Northern District of Illinois | When 11/29/06 | Case number, if known |
| Debtor | Three Marketiers, LLC | Relationship to you | Affiliate |
| District | Northern District of Illinois | When 11/29/16 | Case number, if known |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. _____ -___ |
| RENEWABLE ASSET MANAGEMENT | ) | |
| COMPANY, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## SUPPLEMENT TO VOLUNTARY PETITION

Timothy A. Turek, not individually but as receiver ("Receiver") of Renewable Asset Management Company, LLC, FMSI of Delaware, Inc., FMSI Consumer Credit Corp., Three Marketiers, LLC and FMSI-Financial Resources, LLC (collectively the "Debtors") is authorized to file this voluntary petition as Receiver over the Debtors pursuant to that certain Agreed Order entered September 12, 2016 by the Circuit Court of Cook County in Case No. 2016-CH-11769 appointing the Receiver over the Debtors (the "Receiver Order"). A copy of the Receiver Order is attached hereto as Exhibit A.

Pursuant to Paragraph 12 of the Receiver Order, "Without further order of the Court, Receiver is authorized and instructed to conduct all affairs of the [Debtors] including, without limitation, any and all of the following acts…b) to continue to manage the business operations of [Debtors]…l) to file any lawsuit or other legal action that may be appropriate and necessary in the Receiver's reasonable discretion." Ex. A at ¶12. The Receiver has determined it to be appropriate and necessary, and in the best interests of the Debtors' various creditors, that voluntary petitions be filed for each of the Debtors.

The Receiver Order also states that "Receiver shall have and enjoy all the powers, immunities, privileges and prerogatives ordinarily provided to receivers under applicable law unless otherwise prohibited by this Order." Ex. A at ¶14.

Lastly, the Receiver Order states that "In its reasonable discretion, Receiver may rely upon the established business practices of [Debtors], the information provided and statements made by [Debtors], its employees, and agents as well as records located in [Debtors'] files or provided by other persons." Ex. A at ¶14. The information contained within these voluntary petitions was obtained from statements made by the Debtors, their counsel and employees, the Debtors' files or from other persons. Accordingly, such information may not be current and will be updated as soon as access to recent books and records can be obtained.

Dated: November 29, 2016

<div style="margin-left: 40%;">

Respectfully Submitted,

Timothy Turek, not individually, but as Receiver of Renewable Asset Management Company, LLC ("RAMCO"), FMSI of Delaware, Inc., FMSI Consumer Credit Corp., Three Marketiers, LLC, FMSI-Financial Resources, LLC


By: /s/ Bryan Minier_____

</div>

Bryan E. Minier (#6275534)
Lathrop & Gage LLP
155 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 920-3328
Fax: (312) 920-3301
bminier@lathropgage.com

(*Counsel to the Receiver*)

## EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

THE PRIVATEBANK AND TRUST COMPANY, )
                                            )
                     Plaintiff,           )
                                            )
              v.                    )     Case No. 2016-CH-11769
                                            )
RENEWABLE ASSET MANAGEMENT       )
COMPANY, LLC, FMSI OF DELAWARE, INC., )
FMSI CONSUMER CREDIT CORP., THREE    )
MARKETIERS, LLC, FMSI-FINANCIAL        )
RESOURCES, LLC, and CAROL DELGADO    )
                                            )
                 Defendants.        )

## _Agreed_ ORDER

This matter coming before the Court on Plaintiff The PrivateBank and Trust Company's ("Plaintiff" or "PrivateBank") Emergency Motion for Appointment of an Interim Receiver and Temporary Restraining Order (the "Motion"): THE COURT BEING FULLY ADVISED IN THE PREMISES HEREBY FINDS THAT PLAINTIFF HAS MADE A SUFFICIENT SHOWING OF THE FOLLOWING FACTS TO JUSTIFY THE APOINTMENT OF A RECEIVER; ~~AND THE ENTRY OF A TEMPORARY RESTRAINING ORDER AS~~ _as_ ~~FOLLOWS.~~

      1.     Plaintiff has asserted a claim, right, title, and/or interest in and to all property and assets (the "Assets") of, or possessed or controlled by, Defendants Renewable Asset Management Company ("RAMCO"), FMSI of Delaware, Inc., FMSI Consumer Credit Corp., Three Marketiers, LLC, FMSI-Financial Resources, LLC (collectively, the "FMSI Entities" and together with RAMCO, the "Borrowers"). The appointment of a Receiver is not intended to be,

nor shall it be deemed, an election of remedies by Plaintiff and Plaintiff reserves all of its rights

and remedies against Borrowers as well as Defendant Carol J. Delgado ("Guarantor").

**THE COURT HEREBY ORDERS AS FOLLOWS:**

      1)    The Motion is GRANTED.

      2)    The Court has jurisdiction to appoint a Receiver and to enter a Temporary

Restraining Order.

      3)    Plaintiff having asserted rights to the Assets agrees that a Receiver is necessary to

protect the Assets of Borrowers.

      4)    Without the appointment of a Receiver there is likelihood that Plaintiff will suffer

further immediate and irreparable harm.

      5)    The appointment of a Receiver is necessary to protect and manage the Assets.

      6)    Under Illinois law, Plaintiff is entitled to the appointment of a Receiver over all of

the property and assets of Borrowers.

      7)    As of the date of docketing this Order with the Clerk of the Court, ~~Northpoint~~ *Timothy A.*

~~Federal Advisors LLC~~ *Turek* is appointed as Receiver on such terms to be approved by the Court and

shall be entitled to reasonable compensation and reimbursement of expenses.  Receiver shall post

a bond of $ _150,000_ .

      8)    Receiver is hereby authorized to take possession of all Assets and is instructed to

oversee, maintain, carry on, manage, repair, insure, and protect all such property and Assets

without further Order of Court.

      9)    Pursuant to Rule 8.5 for the Circuit Court of Cook County, Receiver is directed to

inventory the Assets  and other items in the possession of Borrowers and to make an accounting

of same.  Receiver shall file with the Court, with a copy to Plaintiff, an inventory within thirty

(30) days of the date of this Order.  Without limiting the generality of the foregoing, Receiver

shall determine which property in the possession or under the control of Borrowers is an Asset,

and the inventory filed with the Court pursuant to this Paragraph 9 shall identify, among other

things, all Assets.  All necessary subsequent reports shall be filed with the Court with copies to

all parties, including a final report at the termination of the Receivership.

10)     Plaintiff is *and Defendants are* authorized to confer with the Receiver to discuss the status of the

Assets and to determine the extent, type, and value of any property owned by Plaintiff that is in

the possession of Borrowers.  The Receiver shall cooperate with ~~Plaintiff's~~ *both parties'* inquiries and shall

provide ~~Plaintiff~~ *the parties* with all necessary information, materials and access.  ~~Without limitation, upon~~

~~request, Receiver shall provide Plaintiff access to Borrowers' premises, books and records,~~

~~including, but not limited to all computer records and electronically stored data, for the purpose~~

~~of identifying the Assets and shall instruct all employees of Borrowers as well as the Guarantor~~

~~herself to cooperate with Plaintiff in connection with aforesaid inspection and identification of~~

~~the Assets.~~

11)     Pursuant to Rule 8.6 for the Circuit Court of Cook County, Receiver shall set up

separate bank accounts to deposit all funds for each Borrower collected throughout the

receivership.  Receiver shall carry no more than $5,000 in a checking account and any amount in

excess of $5,000 shall be deposited in an interest bearing account.

12)     Without further order of the Court, Receiver shall be authorized and instructed to

conduct all affairs of the Borrowers including, without limitation, any and all of the following

acts:

        a)     to take immediate possession of, custody of, and control over the Assets;

        b)     to continue to manage the business operations of Borrowers;

c)      to collect and receive all earnings, rents, issues, income, profits, and other revenues of Borrowers now or later due and unpaid;

d)      to continue, at Receiver's reasonable discretion, utilizing the services of Borrowers' personnel (all of whom shall be subject to Receiver's oversight and authority and shall be answerable solely to Receiver) to conduct the day-to-day operations of Borrowers;

e)      to maintain accounting records, supplied to the Court and all parties upon request, consisting of an itemized account of all revenues and disbursements and any other funds received by or on behalf of Receiver and operating expenses and other disbursements by or on behalf of Receiver, and reporting all changes in the financial condition or business operations of Borrowers, that have occurred during the period covered by the report, and to file such reports under oath of receipts and disbursements as required by the Court;

f)      to take possession of or, if needed, to recover (and the U.S. Postal Service and all courier or delivery services shall be directed to release to Receiver or its designees), all mail or packages addressed to Borrowers;

g)      to hire and terminate Borrowers' personnel, and to adjust the salaries or compensation of any such personnel, as may be necessary in an exercise of Receiver's reasonable discretion;

h)      upon prior notice to all parties and approval of the Court, to market and sell any or all of the Assets;

i)      upon prior notice to all parties and approval of the Court, to abandon any or all of the Assets;

j)      upon prior notice to all parties and approval of the Court, to borrow funds on behalf of Borrowers;

k)      upon prior notice to all parties and approval of the Court, to retain other professionals, including but not limited to attorneys and accountants, as the receiver may determine may be necessary to assist it; and

l)      to file any lawsuit or other legal action that may be appropriate and necessary in the Receiver's reasonable discretion.

13)      Receiver may apply to this Court by motion and upon notice to all parties in interest for further or other authority as may be necessary in the performance of Receiver's duties hereunder.

14)   Receiver shall have and enjoy all the powers, immunities, privileges and prerogatives ordinarily provided to receivers under applicable law unless otherwise prohibited by this Order.   In its reasonable discretion, Receiver may rely upon the established business practices and procedures of Borrowers, the information provided and statements made by Borrowers, its employees, and agents as well as records located in Borrowers' files or provided by other persons.

15)   Borrowers and Borrowers' ~~former, present, or future officers, shareholders, managers, members, directors, partners, assigns,~~ agents, ~~servants, employees,~~ accountants and attorneys, and all other persons in active concert or participation with Borrowers including, without limitation, Guarantor:

   a)   shall surrender possession of all Assets of Borrowers of whatever nature and wherever located, belonging to Borrowers, or in which Borrowers have or assert an ownership interest, whether such property and assets are in the possession of Borrowers ~~or any affiliate of Borrowers, or any of their officers, directors, partners, shareholders, representatives, professionals, employees or agents, or any other person or entity,~~ and all of such property and assets shall be, on the Effective Date, placed in *custodial egis* of the Court;

   b)   shall be enjoined, stayed, and prohibited from, other than in the proceedings before this Court, taking any action for or on behalf of Borrowers, interfering in any way with the actions of the Receiver (or any agent or other designee of the Receiver authorized hereunder or by order of the Court) with regard to Borrowers, disposing of, concealing, or hypothecating in any manner any Assets of Borrowers, and the directors, officers or agents of Borrowers, including, without limitation, Guarantor, no longer have the authority to convey, mortgage or pledge any Assets of Borrowers or to bind Borrower to any obligations;

   c)   shall be required to immediately provide access, means of access, and make available to the Receiver all keys, books, records, computer hardware and software (including all computer programs, data bases, disks and other media owned by Borrowers or upon which information regarding the Assets or the accounts and businesses of Borrowers are stored, recorded or located), mail and correspondence addressed to or which may contain information regarding the businesses of Borrowers, and the Assets;

   d)   shall immediately disclose to Receiver the nature, amount, and location of any and all Assets of Borrowers, including, books, records, computer programs and

5

media owned by Borrowers or connected with businesses of Borrowers, and shall immediately turnover same to Receiver forthwith;

e)  shall cooperate with Receiver and abide by Receiver's requests for information and documentation so that Receiver may perform Receiver's function with full information and knowledge; and

f)  shall not interfere with or hinder in any way whatsoever the operations of Receiver.

26.  This Receivership shall terminate at such time as the Court orders.

27.  This Order shall be in full force and effect as of the date entered and there is no just cause for delay.

Dated this 9th day of September, 2016

ENTERED:

_____
JUDGE FRANKLIN U. VALDERRAMA

ENTERED
JUDGE FRANKLIN U. VALDERRAMA-1968
SEP 1 2 2016
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

*Order Prepared by:*
John P. Sieger
William J. Dorsey
Paul T. Musser
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
312-902-5200
Firm No. 41832